Hall, J.
The facts of this case as settled by the verdict of the jury upon sufficient evidence, are that the plaintiff is a landscape architect, engineer and technical agriculturist, of some eminence in his profession; the defendant is a corporation., *892 ■publishing a periodical called “ The American Agriculturist,” and also carrying on a book business.
Mr. David W. Judd was the president, and Mr. Burnham the secretary of defendant, and Dr. Thurber was the editor in chief of the periodical published by defendant, and Col. Weld and Dr. Hexamer were assistant editors.
Prior to March 1885, the plaintiff had prepared an article on the general subject of high culture in the United States as applied to lands, which was entitled “Everyman his own landscape gardener,” which article he left with the secretary of defendant who agreed to give it to the editor in chief to see whether he would accept it. After it had remained with the secretary for two months, plaintiff called at defendant’s office and the secretary took the manuscript from his desk and sent it up to Dr. Thurber because, as he said, Dr. Thurber was the editor and he had to decide, and Dr. Thurber said he would take it home and look it over.
After this Dr. Thurber said to plaintiff that he could not publish it as one article; it must be divided into small articles accompanied by drawings and illustrations. Plaintiff divided it into four articles, entitled all under the general head of “every man his own landscape gardener,” and the four separate articles entitled respectively “preliminary survey,” “location of grounds,” “project for drainage and planting,” and “ perspective and general views;” and each of these four articles comprised an integral part of the whole general subject. Plaintiff presented the four articles to Dr. Thurber, and there is evidence sufficient to show that he accepted them, and the first one of the series was published and paid for, and the others, or some of them, were corrected by an assistant editor, and Dr. Thurber ordered them paid for, which was not done.
The question of law presented in the ease is whether this acceptance by Dr. Thurber as editor in chief, was, under the circumstances disclosed by the evidence, sufficient to bind the ■defendant corporation.
It must be conceded that the mere fact that a person is an editor of a journal or periodical, does not in law clothe him with power to bind the publisher or proprietor to pay for any contribution which he accepts. The legitimate functions of an editor imply no such power. It maybe and doubtless is the custom for many publishers of periodicals to invest the editor with unlimited power in that direction, but then the authority arises out of the grant of power and not out of any inherent right attaching to the position of editor.
But even in this view of the law I am of opinion that there was sufficient evidence to go to jury upon the question of the authority of Dr. Thurber to bind the defendant in the matter in dispute, and that the entire evidence having been submitted *893 to the jury under an impartial charge, to wbicb defendant took no exception, the verdict should not be disturbed.
There are many circumstances disclosed by the evidence, no one of which perhaps standing alone is sufficient to establish the authority of the editor to bind defendant, but which taken together point strongly in that direction, and present a case out of which a question of fact arose which was properly submitted to the jury.
The plaintiff had been writing articles for half a year which had been published in defendant’s paper and paid for, and it nowhere appears that they had been submitted to the president. The secretary, Mr. Burnham, told plaintiff that Dr. Thurber would have to decide upon the matter ; the portion of the article published and paid for was of such a character as to show both by its title and its matter that it was only an integral part of’ an entire subject; and as this article was submitted to the president and afterwards published and paid for, it is some evidence-that he was aware of the actions of the editor. When a question arose as to the difficulty pf publishing all the articles immediately, Mr. Judd said to plaintiff that he (plaintiff) must not think that he should fill the whole journal; that is some evidence that Mr. Judd knew that there was more than one article. Mr. Judd in his direct examination was asked the question: “In the office of the “ American Agriculturist ” who has authority to reject or accept articles for publication?” and he answereds “Doctor George Thurber, the editor, and Dr. Hexamer, the assistant, editor; ” this certainly is evidence direct and positive as to the authority of the editor. It is true that the witness afterwards, qualified this statement, but the jury were entitled to determine whether or not the answer was a mere slip of the tongue or a misunderstanding of the scope of the question, but it would be manifestly improper for the court on appeal to entirely disregard it.
The exceptions to the admission of evidence have all been carefully examined, but none of them are sufficiently important to necessitate a reversal of the judgment.
The judgment and order denying motion for a new trial must, be affirmed with costs to respondent.
Hyatt and Ehklich, JJ., concur.